# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 15, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LYNESE DANFORD,**
**Claimant Below, Petitioner**

**vs.)   No. 16-1196** (BOR Appeal No. 2051370)
             (Claim No. 2014019237)

**KANAWHA HOSPICE CARE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lynese Danford, by Edwin H. Pancake, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kanawha Hospice Care, Inc., by H. Dill Battle III, its attorney, filed a timely response.

The issue on appeal is whether cubital tunnel syndrome and brachial plexus injury should be added to the claim. The claims administrator denied the addition of the conditions on September 8, 2015. The Office of Judges affirmed the decision in its May 27, 2016, Order. The Order was affirmed by the Board of Review on November 21, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Danford, a registered nurse, was injured in the course of her employment on November 13, 2013, while lifting an unconscious patient. A treatment note by Charles Shuff, M.D., the following day indicates Ms. Danford reported a new work-related injury to her neck. She indicated she lifted a patient, felt a pop in her neck, and her entire right arm went numb. Dr. Shuff's impression was poly-dermatomal/atypical radiculopathy of the right extremity. A cervical x-ray showed stable findings. Ms. Danford's report of injury indicates she injured her neck and right arm while transferring a patient. She felt a pop and pull in her neck and developed immediate numbness in her right arm. The diagnosis was listed as a cervical strain that did not aggravate a prior injury

1

or disease. The claims administrator held the claim compensable for neck sprain/strain on December 31, 2013.

Ms. Danford had a pre-existing history of cervical and right upper extremity problems. A March 13, 2013, treatment note by Dr. Shuff indicates she was seen for new onset of pain in the right side of the neck, right arm, right forearm, and fingers following a car crash four weeks prior. The impression was degenerative disc disease of the cervical spine with C7 radiculopathy. A pain assessment completed by Nurse Mary Beth Merritt on April 18, 2013, indicates Ms. Danford was evaluated for complaints of neck pain and right arm numbness and tingling. A May 16, 2013, medical report from St. Mary's Medical Center indicates she received a cervical epidural steroid injection for neck pain with radiculopathy. On August 17, 2013, Ms. Danford underwent a cervical discectomy and fusion for neck pain, numbness, tingling, and paresthesia of the right arm performed by Dr. Shuff. The post-operative diagnosis was right-sided C6 and C7 radiculopathy secondary to cervical canal stenosis and spondylosis. A November 6, 2013, treatment note by Dr. Shuff, one week prior to the compensable injury, indicates Ms. Danford was seen for follow up with complaints of new pain on the right side.

An EMG/NCS of the right upper extremity performed on January 15, 2014, was essentially within normal limits. There was no evidence of carpal tunnel syndrome, ulnar neuropathy, or radial sensory neuropathy. There was no evidence of right cervical radiculopathy or myopathy. A January 22, 2014, treatment note by Dr. Shuff indicates Ms. Danford was currently dealing with two problems. First, she had cervical spondylosis with radiculopathy status post-surgery. Second, she developed right arm and shoulder pain after pulling on a patient at work. She continued to have numbness, tingling, and loss of strength in the right arm. Dr. Shuff's impression was C8 neuritis versus peripheral nerve based ulnar lesion/stretch. He recommended a C8 steroid injection for diagnosis and therapy. On March 26, 2014, Ms. Danford's neck was doing well but she continued to have numbness, tingling, and paresthesia, particularly in the right pinky finger. She had difficulty with fine motor skills and repetitive activity.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on May 7, 2014, in which he noted diminished sensation over the right upper extremity in a global and non-anatomic pattern. Dr. Mukkamala diagnosed the work injury as a cervical sprain. He found Ms. Danford had reached maximum medical improvement and assessed 6% whole person impairment.

In a May 14, 2014, treatment note, Alan Koester, M.D., found that Ms. Danford sustained a work-related traction injury to her right arm. He noted that Dr. Shuff did not believe her current problems were related to her pre-existing conditions. Ms. Danford reported persistent right arm and elbow pain with a tingling sensation into the fingers. There was also tenderness around the brachial plexus. Dr. Koester's impression was a likely double crush phenomenon with right cubital tunnel syndrome and brachial plexopathy. He did not believe the symptoms were related to the cervical spine.

Paul Bachwitt, M.D., performed an independent medical evaluation on June 10, 2014, in which he opined that the medical documentation supports a causal relationship between the compensable injury and Ms. Danford's cervical spine; however, he found no such connection

between the compensable injury and the right arm/elbow complaints. He specifically noted that seven days before the injury occurred, Dr. Shuff diagnosed Ms. Danford with a new onset of C8 radiculopathy. Dr. Bachwitt opined that the mechanism of injury, pulling on a patient, would not cause an injury to the ulnar nerve. In that regard, he noted that ulnar nerve injuries are usually the result of a contusion or striking type injury to the elbow. Dr. Bachwitt diagnosed the compensable injury as a cervical strain.

In a June 23, 2014, physician review, Randall Short, M.D., was asked to comment on whether cubital tunnel syndrome and brachial plexopathy should be compensable diagnoses in the claim. Dr. Short found that according to Dr. Shuff's November 6, 2013, treatment note, Ms. Danford's right upper extremity symptoms predated the compensable injury. Dr. Short additionally noted that Dr. Bachwitt determined that her right upper extremity symptoms are unrelated to the compensable injury. Dr. Short concluded that cubital tunnel syndrome and brachial plexopathy should not be added as compensable conditions in the claim.

A medical report by Dr. Shuff dated June 25, 2014, indicates Ms. Danford continued to have a brachial-plexus pattern of pain in the right arm. His assessment was resolved cervical radiculopathy and brachial plexus stretch injury with lower trunk abnormality. He additionally opined that Ms. Danford's right arm symptoms are the result of her compensable injury.

The claims administrator denied the addition of cubital tunnel syndrome and injury of brachial plexus to the claim on September 8, 2015. The Office of Judges affirmed the decision in its May 27, 2016, Order. It found that Drs. Shuff and Koester both opined that Ms. Danford's cubital tunnel syndrome and brachial plexus nerve injury were a result of her compensable injury. Their findings were determined by the Office of Judges to be inconsistent with the medical evidence of record. Dr. Shuff's November 6, 2013, treatment note clearly states that Ms. Danford's right upper extremity symptoms predated the compensable injury of November 13, 2013. He noted on November 6, 2013, that she was being evaluated for complaints of new pain following a C8 distribution on the right side. Physical examination revealed light touch discrepancy behind the right elbow into the forearm. Though Dr. Shuff initially diagnosed these symptoms as a new onset of C8 radiculopathy, they are the same symptoms which later led both Dr. Shuff and Dr. Koester to diagnose cubital tunnel syndrome and brachial plexus injury. The Office of Judges further found that while there is evidence to suggest that Ms. Danford's right upper extremity conditions were aggravated by the compensable injury, a non-compensable pre-existing injury cannot be added as a compensable component of a claim merely because it may have been aggravated by a compensable injury. *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016). The Office of Judges found that Drs. Bachwitt and Short concluded that Ms. Danford's right arm symptoms predated the compensable injury. Additionally, Drs. Bachwitt, Short, and Mukkamala all opined that the compensable injury resulted in nothing more than a cervical strain. Their opinions were determined to be consistent with the medical evidence of record. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on November 21, 2016.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Ms. Danford's right upper extremity symptoms clearly predated

the compensable injury as is evidenced by Dr. Shuff's treatment notes. Though the conditions may have been aggravated by the compensable injury, the addition of cubital tunnel syndrome and brachial plexus nerve injury to the claim was properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 15, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker